UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KERMIT EAVES,

                Petitioner,

-vs-                                                            Case No.  8:05-cv-1473-T-24EAJ

JAMES V. CROSBY, JR.,

                Respondent.
_____

**ORDER**

This cause is before the Court on Petitioner Kermit Eaves (Eaves') 28 U.S.C. § 2254 petition for writ of habeas corpus. Eaves challenges his convictions and sentences entered by the Circuit Court for the Sixth Judicial Circuit, Pasco County, Florida.

BACKGROUND

Eaves states, in his pro se petition, that on November 9, 2000, he was convicted by a jury of 1) second degree attempted murder with a firearm; 2) an attempt to shoot into an unoccupied dwelling with a deadly missile; 3) possession of crystal methamphetamine; and, 4) possession of LSD. (Petition, p. 2). He states that he was sentenced to a twenty year minimum-mandatory sentence. Eaves states, and the Westlaw data base supports his statement, that his convictions and sentences were per curiam affirmed by the state district court of appeal on November 2, 2001. In addition, a search of the online docket of the

second district court of appeal demonstrates that the second district court of appeal per curiam affirmed the conviction and sentences on November 2, 2001.[1]

## Petition Is Time-Barred

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Eaves' conviction became final on direct appeal 90 days after November 2, 2001, or, on January 31, 2002. <u>Bond v. Moore</u>, 309 F.3d 770, 774 (11th Cir. 2002).  Therefore, the one-year limitation period began to run on February 1, 2002, and Eaves had until February 1, 2003, to file a timely federal habeas corpus petition or a state collateral proceeding that would toll the running of the one-year period.  Eaves did neither. He did not file the Rule 3.850 motion for post-conviction relief until November 6, 2003. (Petition, p. 3). The filing of the Rule 3.850 motion did not toll the running of the limitations period because

---

[1] The mandate, which is not relevant to the case, issued December 13, 2001.

the one-year period had already expired on February 1, 2003. Therefore, the present federal petition, signed June 6, 2005, is time-barred.

Eaves has not shown that any extraordinary circumstances require the tolling of the one-year period and has not shown that he exercised due diligence in filing a timely federal habeas corpus petition.

Accordingly, the Court orders:

That Eaves' petition for writ of habeas corpus is denied.  The Clerk is directed to enter judgment against Eaves and to close this case.

ORDERED at Tampa, Florida, on August 10, 2005.

SUSAN C. BUCKLEW
United States District Judge

Kermit Eaves